**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000356
11-JUL-2024
07:50 AM
Dkt. 58 SO**

CAAP-20-0000356

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


GREGORY K. GARCIA, Petitioner-Appellant, v.
STATE OF HAWAIʻI, Respondent-Appellee


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2PR191000012(4) [2FC121000327 and 2PC121000541])


SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Hiraoka and Nakasone, JJ.)

Self-represented Petitioner-Appellant Gregory K. Garcia (**Garcia**) appeals from the April 16, 2020 Findings of Fact, Conclusions of Law, and Order Denying Petition to Vacate, Set Aside, or Correct Illegal Sentence (**Order Denying Second HRPP Rule 40 Petition**) entered by the Circuit Court of the Second Circuit (**Circuit Court**).[1]

In 2013, pursuant to a plea agreement, Garcia pled no contest in FC-CR No. 12-1-0327(4) to: (1) Felony Abuse (by choking) of a Family or Household Member and (2) Terroristic Threatening in the Second Degree, and in Cr. No. 12-1-0541(4) to: (1) the reduced charge of Unlawful Imprisonment in the First

_____

[1] The Honorable Richard T. Bissen, Jr. presided.

Degree (Count 2); (2) Felony Abuse (by choking) of a Family or Household Member (Count 3); (3) Intimidating a Witness (Count 4); (4) Assault in the Second Degree (Count 5); and (5) Violation of Order of Protection (Count 6).  The State moved for consecutive terms of imprisonment; Garcia requested probation.  On August 21, 2013, particularly in light of Garcia's long history of violence and abuse convictions (as well as other factors), the Circuit Court sentenced Garcia to concurrent and consecutive prison sentences totaling 20 years, with credit for 365 days.  In the first case, the Circuit Court sentenced Garcia to five years imprisonment on the charge of felony abuse of a household member, and one year imprisonment for terroristic threatening, with the sentences to run concurrently.  For the second case, the Circuit Court sentenced Garcia to five years on each of Counts 2 through 5, and one year on Count 6, with the sentences on Counts 2 through 4 running consecutively, and the sentences on Counts 5 and 6 running concurrently to the prior counts, with the sentences in the second case running consecutive to the sentences in the first case.

On direct appeal, this court addressed "whether the statements made by the [Circuit Court] at sentencing were sufficient to justify its imposition of consecutive terms of imprisonment totaling twenty years on [Garcia]. "State v. Garcia, CAAP-13-0003458, 2014 WL 3796889, *1 (Haw. App. July 31, 2014) (mem. op.) (**Garcia I**).  This court affirmed the consecutive sentences, reasoning as follows:

> [T]he Circuit Court made extensive statements on the record that explained its reasons for imposing consecutive

sentences on Garcia. The Circuit Court recounted its involvement in Garcia's prior criminal cases, the numerous opportunities for rehabilitation it gave to Garcia, and the numerous attempts it made to help Garcia change. The Circuit Court stated that as Garcia's continuing criminal conduct in the instant cases had shown, its attempts to rehabilitate Garcia had failed, and the Circuit Court stated that it was "giving up on [Garcia]" and believed that he was not entitled to further attempts at rehabilitation. The Circuit Court discussed the nature and circumstances of Garcia's offenses and Garcia's character. The Circuit Court stated that Garcia's conduct resulted in "one of the worst cases of psychological harm" the Circuit Court had seen. The Circuit Court specifically referred to Garcia's conduct in sending a video of his intimate sexual acts with the CW to the CW's daughter, her employer, her ex-husband, and her mother-in-law. The Circuit Court stated that it "[could] not imagine what it takes for another human being to do that to someone[,]" and it characterized Garcia's sending the video tape to the CW's support group as "the ultimate in manipulation[.]" The Circuit Court prefaced its imposition of the consecutive sentences on Garcia by stating that it was "the sentence you deserve today[.]"

Although the Circuit Court could have done a better job of explaining its reasons for imposing consecutive sentences by specifically linking its statements to the factors set forth in HRS § 707-606,[4] we conclude that the Circuit Court's statements were sufficient to satisfy the requirements of [State v. Hussein, 122 Hawaiʻi 495, 229 P.3d 313 (2010)]. The purposes of the statement of reasons required by Hussein are to: "(1) identify[] the facts or circumstances within the range of statutory factors that the court considered, and (2) confirm[] for the defendant, the victim, the public, and the appellate court that the decision was deliberate, rational, and fair." Kong, 131 Hawaiʻi at 102-03, 315 P.3d 728-29. The Circuit Court's statements at sentencing were sufficient to fulfill these purposes.

The Circuit Court's statements at sentencing demonstrated that in imposing consecutive sentences, it was relying on the statutory factors of: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; and (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for law, to deter Garcia from additional criminal conduct, and to protect the public from further crimes by Garcia. The Court explained that it had given Garcia numerous previous chances and opportunities for rehabilitation, and that Garcia had squandered and rejected those chances. The Circuit Court discussed the significant harm resulting from Garcia's conduct. The Circuit Court's statements reveal that it believed Garcia was not entitled to any more chances, and that his character was depraved, mean-spirited, manipulative, and lacking in compassion for others. The Circuit Court's statements show that it believed that Garcia was not amenable to rehabilitation and thus the focus of Garcia's sentencing should be on punishing him and deterring him from future crimes by imposing an extensive total term of incarceration.

The Circuit Court's extensive statements at sentencing provided clear insight into its thinking and reasoning in imposing the consecutive sentences. We conclude that the

3

Circuit Court's statements served the purposes of, and were sufficient to: (1) "identify[] the facts or circumstances within the range of statutory factors that the [Circuit Court] considered" in imposing consecutive sentences; and (2) "confirm[] for the defendant, the victim, the public, and the appellate court that the decision was deliberate, rational, and fair." See Kong, 131 Hawaiʻi at 102-03, 315 P.3d 728-29.

[4] In this regard, we note that the Circuit Court's written Order Granting State's Motion for Consecutive Terms of Imprisonment, which was filed after sentencing, clearly explained the Circuit Court's reasons, with reference to the specific factors under HRS § 706-606 that the Circuit Court relied upon, for determining that consecutive terms of imprisonment were necessary. Certainly, had the Circuit Court used this same format at sentencing to express its views, there would be no question that the Circuit Court had complied with the requirements of Hussein. In Hussein, however, the supreme court stated that circuit courts must state their reasons for imposing consecutive sentences "on the record at the time of sentencing[.]" Hussein, 122 Hawaiʻi at 510, 229 P.3d at 328. Thus, based on Hussein, we cannot rely on the Circuit Court's post-sentence order, but must rely on the Circuit Court's statements at sentencing, in determining whether the Circuit Court sufficiently explained its reasons for imposing consecutive sentences.

Id. at *9-10.

Garcia's conviction and sentence were affirmed in Garcia I. Id. at *10.

On September 16, 2015, Garcia filed his first petition pursuant to Hawaiʻi Rules of Penal Procedure (**HRPP**) Rule 40, which did not raise any issues concerning his consecutive sentences. The first HRPP Rule 40 petition was dismissed without a hearing, Garcia appealed, and this court affirmed.

On September 18, 2019, Garcia, self-represented, filed his second HRPP Rule 40 petition, a Petition to Vacate, Set Aside, or Correct Illegal Sentence Through a Writ of Habeas Corpus Pursuant to HRPP Rule 40 (**Second Rule 40 Petition**). In the Second Rule 40 Petition, Garcia argued that his consecutive

4

sentences are illegal under State v. Barrios, 139 Hawaiʻi 321, 389 P.3d 916 (2016). The Circuit Court denied the petition without a hearing, and Garcia timely filed a notice of appeal.

Garcia raises two interrelated points of error on appeal, challenging Finding of Fact 10 and Conclusions of Law 1-3, 7, and 8, and contending that the Circuit Court erred in entering the Order Denying Second HRPP Rule 40 because the sentencing court did not adequately explain its rationale for each consecutive sentence as required under Barrios.[2]

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Garcia's points of error as follows:

As set forth above, in 2014, this court rejected Garcia's argument that his consecutive sentences were illegal based on the Hawaiʻi Supreme Court's decisions in Hussein and Kong. See, e.g., Hussein, 122 Hawaiʻi at 510, 229 P.3d at 328 ("circuit courts must state on the record at the time of sentencing the reasons for imposing a consecutive sentence"). The Circuit Court stated on the record its reasons of imposing consecutive sentences on Garcia.

However, in Barrios, the supreme court applied its consecutive sentencing mandate to an appeal from the imposition

---

[2] Although not properly raised as a point of error, Garcia also argues that the presiding Circuit Court judge should have granted Garcia's Motion for Recusal filed October 3, 2019. While we note that it appears the motion was meritless, as the only ground stated was the presiding judge's bias allegedly demonstrated at the November 5, 2013 sentencing hearing, we cannot reach this issue as there is no order or ruling on the motion. As the presiding judge has since retired, the issue also appears to be moot.

of multiple consecutive sentences – not just two, as was the case in <u>Hussein</u> and <u>Kong</u> – and held:

> [C]onsistent with the <u>Hussein</u> principles, a sentencing court should explain its rationale for <u>each consecutive sentence</u> in order to inform the defendant and appellate courts of the specific factors underlying each sentence. This helps to ensure that a sentencing judge takes into account the differences among convictions prior to imposing multiple consecutive sentences. Thus, in order to provide a rational basis for imposing consecutive sentences as required by <u>Kong</u>, sentencing courts <u>must state on the record the HRS § 706-606 factors that support **each consecutive sentence**</u>. <u>While the same factors could be sufficiently aggravated to justify imposing more than one consecutive sentence, the sentencing court should specify that basis or identify another basis for determining how many consecutive sentences to impose</u>.
>
> This requirement is particularly important in cases such as this one, where the circuit court expressly stated its intent to ensure that Barrios would never be released from prison, in contrast to the maximum twenty-year term applicable to the Class A felonies for which he was convicted. While such a sentence can be imposed in an appropriate case, a clearly articulated rationale is necessary when there is a large disparity between the maximum statutory sentence for each offense and the aggregate consecutive sentence imposed by the court.

<u>Barrios</u>, 139 Hawaiʻi at 337-38, 389 P.3d at 932-33 (emphasis altered).

Thus, <u>Barrios</u> requires that the sentencing court explain its rationale for <u>each</u> of multiple consecutive sentences in order to inform the defendant (and the appellate courts) of the specific HRS § 706-606 factors underlying <u>each</u> consecutive sentence.

Accordingly, we must consider whether the <u>Barrios</u> holding is a "new rule," and if so, whether it applies retroactively to Garcia's consecutive sentences. We look to two supreme court cases providing guidance on whether a new rule has been created, <u>Schwartz v. State</u>, 136 Hawaiʻi 258, 361 P.3d 1161 (2015), and <u>Rapozo v. State</u>, 150 Hawaiʻi 66, 497 P.3d 81 (2021).

In <u>Schwartz</u>, the supreme court started with the principles that "[w]hen questions of state law are at issue, state courts generally have the authority to determine the retroactivity of their own decisions," and the quintessential "new rule" is when the supreme court overrules a prior case and announces a superseding legal standard. 136 Hawaiʻi at 272-73, 361 P.3d at 1175-76 (citation and internal quotation marks omitted). A "new principle of constitutional law" is a new rule, but clarification of an existing principle of law is not. <u>Id.</u> at 273-74, 361 P.3d at 1176-77 (citations omitted). Explicatory statutory construction intended to "elucidate the meaning and application of specific provisions of a statute" does not constitute a new rule. <u>Id.</u> at 274, 361 P.3d at 1177 (citation omitted). If a supreme court holding does not constitute a new rule, it replies retroactively. <u>Id.</u>

In <u>Rapozo</u>, the supreme court again had to assess whether a case that was decided after the HRPP Rule 40 appellant's (Rapozo's) conviction and sentence became final was a new rule. 150 Hawaiʻi at 80, 497 P.3d at 95. <u>Rapozo</u> reconfirmed the four guiding principles stated in <u>Schwartz</u>, and applied the "clarifying" legal principle and statutory construction at issue therein retroactively to Rapozo. <u>Id.</u> at 81, 497 P.3d at 96 (citations omitted). The supreme court emphasized that HRPP Rule 40(a)(3) did not bar Rapozo's claim because, although he could have raised it in, *inter alia*, one of his previous seven HRPP Rule 40 petitions, it was a claim of an illegal sentence. <u>Id.</u>

We conclude that the holding in <u>Barrios</u> that a sentencing court must explain its rationale for each of multiple consecutive sentences is not a new rule; rather it is a clarification of the legal principles stated in <u>Hussein</u> and <u>Kong</u>, which provided meaning and instructions for application of statutory consecutive sentencing factors.  Therefore, <u>Barrios</u> applies retroactively to Garcia's multiple consecutive sentences, and the Circuit Court erred in concluding that Garcia's illegal sentencing claim was patently frivolous and failed to present a colorable claim with respect to his consecutive sentences pursuant to <u>Barrios</u>.  This illegal sentencing claim is not barred by HRPP Rule 40(b)(3).  <u>See</u> <u>Rapozo</u>, 150 Hawaiʻi at 81, 497 P.3d at 96.

For these reasons, the Circuit Court's April 16, 2020 Order Denying Second HRPP Rule 40 Petition is vacated with respect to Garcia's illegal consecutive sentencing claims pursuant to <u>Barrios</u>, and this case is remanded to the Circuit Court for further proceedings consistent with this Summary Disposition Order.

DATED: Honolulu, Hawaiʻi, July 11, 2024.

On the briefs:                          /s/ Katherine G. Leonard
                                        Acting Chief Judge
Gregory K. Garcia,
Petitioner-Appellant *Pro Se*.          /s/ Keith K. Hiraoka
                                        Associate Judge
Gerald K. Enriques,
Deputy Prosecuting Attorney,            /s/ Karen T. Nakasone
County of Maui,                         Associate Judge
for Respondent-Appellee.